# In the United States Court of Federal Claims

No. 19-801C
(Filed: June 28, 2019)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

ANTHONY DE PETRIS,

*Plaintiff,*

v.

THE UNITED STATES,

*Defendant.*

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ORDER

Plaintiff, appearing *pro se*, filed his complaint on June 1, 2019, alleging that the Department of Justice, the "Bankruptcy Administration," and federal judges have engaged in corruption, concealment of assets, embezzlement, knowing disregard of bankruptcy laws, and bankruptcy fraud.[1]  Compl. 1.  Specifically, plaintiff alleges that two individuals hid assets and conspired with a bank to release deeds of trust, and that the Department of Justice's failure to investigate, the government's finding that the individuals did not act in bad faith, and the court's failure to "seek disgorgement against debtors" were the result of conspiracy.  Compl. 2-3. Plaintiff seeks $2,000,000 in damages.  Compl. 3.

Although a complaint brought by a *pro se* plaintiff will be held to a "less stringent standard than formal pleadings drafted by lawyers," the court still must have jurisdiction over the claims brought before it.  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  Under Rule 12(h)(3) of the Rules of the Court of Federal Claims ("RCFC"), the court must dismiss any action that it does not have jurisdiction over.  Therefore, since plaintiff's complaint does not allege any claims over which this court has jurisdiction, waiting for further filings from the government before dismissal is not necessary.

---

[1] The filing fee remains due.

This court's jurisdiction is primarily established by the Tucker Act which permits the court to "render judgement upon any claim against the United States founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (2012). No substantive cause of action is established in and of itself through the Tucker Act. *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005). Thus, in order to be within the jurisdictional reach of this court, "a plaintiff must identify a separate source of substantive law that creates the right to money damages" from the United States. *Id.*

Plaintiff attempted to demonstrate this court's jurisdiction over his complaint with a procedural statute and a statute establishing the complaint as a core proceeding for a bankruptcy court. Compl. 1 (citing 28 U.S.C. §§ 157(H), 2503(b) (2012)). The federal statutes plaintiff cites, primarily from the Bankruptcy Act, explain the consequences for violating such statutes but do not create a private right of action for money damages against the United States. Compl. 1. Plaintiff failed to identify any other constitutional, statutory, or regulatory provision establishing his right to be paid a sum of money by the federal government.

Because the complaint does not include allegations over which we have jurisdiction, the complaint must be dismissed. RCFC 12(h)(3). Accordingly, the Clerk of Court is directed to dismiss the complaint for lack of jurisdiction and enter judgement accordingly. No costs.

Eric G. Bruggink
Senior Judge